# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES EDWARD ALEX,

    *Petitioner*,

vs.

WARDEN COX, *et al.,*

    *Respondents*.

2:05-cv-00806-JCM-PAL

ORDER

This habeas action under 28 U.S.C. § 2254 comes before the Court on the respondents' motion (#18) to dismiss, which seeks dismissal of the petition on the merits.

### *Background*

Petitioner Charles Edward Alex seeks to set aside his 2002 Nevada state conviction, pursuant to a guilty plea, for two counts of larceny from a person and one count of larceny from a person over 65 years of age. He did not take a direct appeal, but he did file a state petition for post-conviction relief. The state district court ultimately denied the petition after holding an evidentiary hearing, and the Supreme Court of Nevada affirmed.

The pending motion to dismiss does not seek to dismiss the petition based upon a preliminary defense such as untimeliness, exhaustion, procedural default, or lack of jurisdiction over the subject matter. Nor does the motion seek dismissal for failure to state a claim upon which relief may be granted under federal habeas law, such as, for example, when a claim asserts a violation only of state law, asserts a search and seizure claim barred by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), seeks to challenge

1  alleged error in the state post-conviction proceedings themselves rather than in the judgment
2  of conviction, or otherwise is noncognizable or fails to state a claim in federal habeas corpus.
3  Rather, instead of filing a motion in avoidance, the present motion to dismiss seeks dismissal
4  on the merits of the petition based upon application of the governing substantive standard of
5  review to the state court decisions and underlying state court record.

### *Discussion*

7  Under Rule 11 of the Rules Governing Section 2254 Cases (the "Habeas Rules"), the
8  Federal Rules of Civil Procedure may be applied in federal habeas proceedings to the extent
9  that they are not inconsistent with the Habeas Rules.  Under federal civil practice, a motion
10 to dismiss is not a proper vehicle for resolving the merits of a case.  *See, e.g.,* 5B C. Wright
11 & A. Miller, *Federal Practice & Procedure: Civil 3d* §§ 1356 & 1360.  The present motion
12 improperly seeks adjudication on the merits based upon a motion to dismiss.

13 The Court has discretion to convert a motion to dismiss expressly sought under Rule
14 12(b)(6) to a Rule 56 motion for summary judgment if it considers materials outside the
15 pleadings.  However, the Court will not exercise its discretion to do so in the present case;
16 and the filing of a motion to resolve the merits in a habeas case is strongly discouraged.
17 Under Habeas Rule 5, the proper procedural vehicle for a response to the merits of a habeas
18 petition is an answer; and that further is the preferred practice in this District.

19 IT THEREFORE IS ORDERED that respondents' motion (#18) to dismiss is DENIED
20 without prejudice.

21 IT FURTHER IS ORDERED that, within twenty (20) days of entry of this order,
22 respondents shall file an answer to the petition and petitioner may file a reply to the answer
23 within twenty (20) days of service of same.  Respondents may adopt the exhibits on file.

24 DATED this 7th day of March, 2007.

_____
JAMES C. MAHAN
United States District Judge